IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKERS NATIONAL HEALTH & WELFARE FUND; JOHN FULTZ as a fiduciary of the BOILERMAKERS NATIONAL HEALTH & WELFARE FUND,<br><br>      Plaintiffs,<br>vs.<br><br>SAFECO INSURANCE COMPANY a/k/a SAFECO INSURANCE COMPANIES and a/k/a SAFECO COMPANY OF AMERICA,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, Safeco Insurance, state as follows:

### NATURE OF THE CASE

1. This is an action brought pursuant to § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3) for appropriate equitable relief against Defendant.

### PARTIES

2. Plaintiff Boilermakers National Health and Welfare Fund (hereinafter "the Health & Welfare Fund") is a self-funded "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health & Welfare Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

3. Plaintiff John Fultz is a fiduciary of the Plaintiff Health & Welfare Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

4. Upon information and belief, Defendant, Safeco Insurance Company a/k/a Safeco Insurance Companies and a/k/a Safeco Company of America (hereinafter "Safeco") is a Washington state insurance corporation licensed to conduct business in Michigan and in Kansas. It may be served with process through the office of the Kansas Insurance Commissioner at 420 S.W. 9th Street, Topeka, Kansas 66612.

**JURISDICTION**

5. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. § 1132. Jurisdiction is also proper under 28 U.S.C. § 1331.

6. Whereas the Plaintiff employee benefit plan is administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

**BACKGROUND**

7. On or about June 17, 2014, Chris Latvala was involved in a motor vehicle accident in the state of Michigan. At the time of the accident, Mr. Latvala had group health coverage through the Health & Welfare Fund. To date, the Health & Welfare Fund has paid medical claims on behalf of Mr. Latvala in the amount of $27,839.50 for injuries he sustained as a result of the motor vehicle accident.

8. The Health & Welfare Fund's governing Plan Document contains extensive subrogation and reimbursement provisions, which provide that the Fund is entitled to reimbursement for the full amount of any covered expenses that the Health & Welfare Fund has paid when any insurance carrier has any obligation to pay any amount to or for the benefit of an eligible individual in connection with an injury or illness, to the extent of such insurance carrier's

liability. The Health & Welfare Fund's governing Plan Document further provides that the Health & Welfare Fund's subrogation rights will not be decreased, restricted, or eliminated in any way if an eligible individual recovers or has the right to recover no-fault insurance benefits. The Health & Welfare Fund's governing Plan Document further provides that Health & Welfare Fund benefits will be coordinated as secondary to no-fault insurance payments.

8. Exercising reasonable diligence, on or about October 14, 2016, the Health & Welfare Fund first became aware of the fact that Mr. Latvala also had No-Fault coverage under Safeco personal automobile policy number K2314381, claim number 226970465002, at the time of the June 17, 2014 motor vehicle accident.

9. On October 20, 2016, the Health & Welfare Fund requested reimbursement from Safeco for the payments made by the Health & Welfare Fund on behalf of Mr. Latvala for medical treatment received as a result of the June 17, 2014 motor vehicle accident.

10. In a letter dated February 17, 2017, Safeco formally rejected the Health & Welfare Fund's request for reimbursement, claiming the Fund's request was untimely.

11. The Fund now brings suit for appropriate equitable relief against Safeco.

## COUNT I – DECLARATORY JUDGMENT

12. Plaintiffs restate and reallege the allegations made in paragraphs 1 through 11 of this Complaint, as if fully restated and realleged herein.

13. Plaintiffs request that this Court declare that the subrogation provisions of the Health & Welfare Fund's governing Plan Document may and should be enforced against Defendant, by an injunction requiring Defendant to pay covered medical expenses of Mr. Latvala as primary, and to fully reimburse the Health & Welfare Fund, up to the policy limit of Defendant policy number K2314381, for payments already made by the Health & Welfare Fund

on behalf of Mr. Latvala for his covered medical expenses resulting from the June 17, 2014 motor vehicle accident.

**WHEREFORE,** Plaintiffs pray that this Court:

a. Declare that:

   i. Defendant had primary responsibility for paying the covered medical expenses of Mr. Latvala resulting from the June 17, 2014 motor vehicle accident, which have been previously paid by the Health & Welfare Fund;

   ii. The Health & Welfare Fund's liability is to only pay Mr. Latvala's medical expenses as secondary to Defendant's No-Fault coverage;

b. Enter an order of injunctive relief against Defendant enjoining Defendant from violating the terms of the Plan Document governing the Health & Welfare Fund;

c. Award costs and reasonable attorney's fees in favor of the Health & Welfare Fund against Defendant;

d. Grant such other relief as the Court deems just and proper.

## COUNT II – RESTITUTION OF PAYMENTS MADE

14. Plaintiffs restate and reallege the allegations made in paragraphs 1 through 13 of this Complaint, as if fully restated and realleged herein.

15. The Health & Welfare Fund has paid covered medical expenses of Mr. Latvala resulting from the June 17, 2014 motor vehicle accident, and Defendant has failed and refused to pay for such medical expenses, even though Defendant is liable under the terms of an ERISA regulated welfare benefit plan to pay as primary. In order to enforce the terms of an ERISA regulated welfare benefit plan, the Defendant is subject to an order of equitable relief requiring Defendant to make restitution to the Health & Welfare Fund of a specifically identifiable

amount, consisting of the unreimbursed covered medical expenses that the Health & Welfare Fund has overpaid on behalf of Mr. Latvala, and which Defendant has wrongfully withheld from Defendant policy number K2314381, claim number 226970465002.

**WHEREFORE,** Plaintiffs pray that the Court:

a.  Enter an order of equitable relief, in the form of restitution of a specifically identifiable amount, to enforce the Health & Welfare Fund's governing Plan Document and reimburse the Health & Welfare Fund the lesser of: i) the sum of $27,839.50, or ii) the policy limit for Defendant policy number K2314381, plus interest against Defendant for overpayments made by the Health & Welfare Fund as a result of Defendant's wrongful withholding of sums due under Defendant policy number K2314381, claim number 226970465002;

b.  Award costs and reasonable attorney's fees in favor of Plaintiffs against Defendant; and

c.  Grant such other relief as the Court deems just and proper.

### COUNT III – EQUITABLE LIEN/CONSTRUCTIVE TRUST

16. Plaintiffs restate and reallege the allegations made in paragraphs 1 through 15 of this Complaint, as if fully restated and realleged herein.

17. Pursuant to the written terms of the Plan Document governing the Health & Welfare Fund, Defendant was obligated to pay Mr. Latvala's covered medical expenses resulting from the June 17, 2014 motor vehicle accident as primary, up to the policy limit for Defendant policy number K2314381. By wrongfully withholding reimbursements of said amounts to the Health & Welfare Fund, Defendant has been unjustly enriched to the extent of the lesser of i) the sum of $27,839.50, or ii) the policy limit for Defendant policy number K2314381. Therefore,

Defendant is in possession of assets, in a specifically identifiable amount, of an employee welfare benefit plan, which in equity and good conscience belong to the Health & Welfare Fund.

18.     Plaintiffs thus seek equitable relief against Defendant, by the imposition of an equitable lien upon sums constructively held by Defendant for the benefit of the Health & Welfare Fund, in the specifically identifiable amount of the lesser of i) the sum of $27,839.50, or ii) the policy limit for Defendant policy number K2314381.

19.     Equitable liens in favor of the Health & Welfare Fund may be enforced by a constructive trust upon wrongfully withheld assets in the constructive possession of Defendant, with the constructive trust to continue until full restitution is made by Defendant to the Health & Welfare Fund.

**WHEREFORE,** Plaintiffs pray that:

a.      This Court grant equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of an equitable lien and imposition of a constructive trust, upon funds constructively held by Defendant, as stated herein, for the benefit of the Health & Welfare Fund, to enforce the Health & Welfare Fund's equitable lien, in the current specifically identifiable amount of the lesser of i) the sum of $27,839.50, or ii) the policy limit for Defendant policy number K2314381, plus interest against Defendant, for covered medical expenses the Health & Welfare Fund has paid on behalf of Mr. Latvala, which amounts should have been paid by Defendant pursuant to Defendant policy number K2314381, claim number 226970465002;

b.      This Court award costs and reasonable attorney's fees in favor of Plaintiffs against Defendant;

c.     This Court retain jurisdiction to enforce the equitable remedy sought herein by Plaintiffs, for such period of time as is required, until Defendant makes restitution to the Health & Welfare Fund in full; and

d.     This Court enter any further orders which are reasonable and just to effectuate the equitable remedy requested herein.

        Respectfully submitted,

        **BLAKE & UHLIG, P.A.**
        753 State Avenue, Suite 475
        Kansas City, Kansas 66101
        Telephone:  (913) 321-8884
        Facsimile:  (913) 321-2396

        By     /s/ Carol A. Krstulic
        Carol A. Krstulic, KS Bar # 24122
        Nathan S. Terry, KS Bar #20827

        **ATTORNEYS FOR PLAINTIFFS**